IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO R. EVANS,<br>   As Proposed Next Friend of<br>   ROCHELLE M. BARNETT,<br><br>                  Plaintiff,<br>   v.<br><br>UNITED STATES<br>SOCIAL SECURITY ADMINISTRATION,<br><br>                  Defendant, | Civil Action No. 25-1129 |

MEMORANDUM OPINION

**I.   Introduction**

Pending before the court are motions filed by Alphonso R. Evans ("Evans") for: (1) a request for leave to enter an appearance on behalf of plaintiff (referring to his mother Rochelle M. Barnett ("Barnett")) (ECF No. 6); and (2) an emergency motion to compel release of Disabled Adult Child ("DAC") back pay or, in the alternative, an order to show cause (ECF No. 11). The Social Security Administration ("SSA") filed a response, on August 22, 2025, in opposition to Evans' motion for leave to enter appearance on behalf of Barnett (ECF No. 12). In a third motion, Evans filed a request, captioned as "next friend," for leave to file a reply, *Nunc Pro Tunc,* to defendant's brief in opposition to plaintiff's request for leave to enter an appearance in this case (ECF No. 13). Evans filed a notice with the court captioned as Readiness for Hearing (ECF No. 15). The court interprets this as a motion to schedule a hearing.

II.     **Procedural History**

On July 31, 2025, Evans filed a motion with the court to proceed in forma pauperis (ECF No. 1), which the court granted on August 13, 2025 (ECF No. 5). Documents purportedly relevant to the case were filed on the docket by Evans on August 1, 2025, with a motion to file under seal (ECF No. 3). The court granted the request to seal the documents because of the sensitive and personally identifiable information contained therein (ECF No. 4). On August 6, 2025, Evans' complaint, on behalf of Barnett, against the SSA was docketed (ECF No. 7). Evans requested to enter an appearance in the case on behalf of his mother, Barnett (ECF No. 6). Evans filed supplemental information with the court on August 15, 2025 (ECF No. 9). Evans, on August 21, 2025, filed an emergency motion to compel release of DAC back pay or, in the alternative, an order to show cause, to compel the SSA to pay DAC back pay to Barnett, which Evans alleges she is due (ECF No. 11).

Evans in the complaint, supplementary information, and emergency motion to compel SSA alleges that had the SSA correctly paid Barnet the DAC benefits due her, her family would not have endured years of "extreme financial hardship," leading to Evans' criminal undertakings (ECF Nos. 7 at 1; 9 at 23). In the emergency motion to compel release of DAC back pay, Evan refers to himself as "plaintiff" (ECF No. 9). The SSA filed a response in opposition to Evans' motion for leave to enter appearance on behalf of Barnett based on Evans' non-attorney status and his lack of standing as a plaintiff (ECF No. 12). The SSA does not deny Barnett is owed DAC benefits (Id. at 2). On September 19, 2025, Evans filed a motion for leave to file a reply, *Nunc Pro Tunc,* to the SSA's response in opposition to Evans' motion to enter an appearance, captioning his filing as "Proposed Next Friend of Rochelle M. Barnett" (ECF No. 13). On

October 4, 2025, Evans filed a notice of Supplemental Authority to provide the court with an Audit Report conducted by the Office of the Inspector General, with respect to its findings on Denied Child's Insurance Benefit Claims (ECF No. 14). On October 9, 2025, Evans filed another notice with the court, reporting Readiness for Hearing (ECF No. 15).

**III.    Discussion**

Evans petitions the court to enter an appearance in the instant case "on behalf of" his mother, Barnett (ECF No. 6).   The complaint filed seeks to compel the SSA to release expeditiously benefits owed to Barnett (ECF No. 11).   Evans does not allege he is owed any benefits from the SSA directly, but that his quality of life would have been better had his mother, Barnett, received the correct DAC benefits to which she was entitled.   The SSA opposes Evans' request to appear, averring Evans is not "an attorney qualified to practice in this Court," and lacks standing to bring this action as a party (ECF No. 12). Each of these matters will be addressed.

    **A.    Who May Represent a Person in Federal Court**

As noted in the SSA's response (ECF No. 12), the prohibition against a non-attorney, non-party making an appearance in a federal case is set forth in 28 U.S.C. §1654:

> In all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Id. (emphasis added). Evans did not represent or demonstrate that he is an attorney qualified to practice in federal court.[1]   Evans' motion to enter an appearance on his mother's behalf will be

---

1. The court takes judicial notice that Alphonso R. Evans has not been admitted to practice law

3

denied because he is not an attorney or a party. Evans is claiming the benefits on behalf of Barnett, not himself. Evans may resubmit his motion if he is an attorney and seeks *pro hac vice* to enter his appearance, which he can only do if he is "in good standing of the Pennsylvania Supreme Court, the United States Supreme Court, or any other United States District Court." See LCvR 83.2.A.2.

B.        **Next Friend/Non-Party**

Evans argues he can appear as a "real party in interest" or meets one of the exceptions to appear. Pursuant to Federal Rule of Civil Procedure 17, to appear as a plaintiff or defendant, a person must be "the real party in interest."

> (a) Real Party in Interest.
>   (1) *Designation in General.* An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought;
>     (A) an executor;
>     (B) an administrator;
>     (C) a guardian;
>     (D) a bailee;
>     (E) a trustee of an express trust;
>     (F) a party with whom or in whose name a contract has been made for another's benefit; and
>     (G) a party authorized by statute.
>   (2) *Action in the Name of the United States for Another's Use or Benefit.* When a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States.
>   (3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.
> (b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as

---

in United States District Court for the Western District of Pennsylvania, per a query of the Court's records, on October 7, 2025. See Fed. R. Evid. 201(b-c (1)); United States v. Mitchell, 365 F.3d 215, 252 (3d Cir. 2004).

follows:
   (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
   (2) for a corporation, by the law under which it was organized; and
   (3) for all other parties, by the law of the state where the court is located, except that:
      (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and
      (B) 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.
(c) Minor or Incompetent Person.
   (1) *With a Representative.* The following representatives may sue or defend on behalf of a minor or an incompetent person:
      (A) a general guardian;
      (B) a committee;
      (C) a conservator; or
      (D) a like fiduciary.
   (2) *Without a Representative.* A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.
(d) Public Officer's Title and Name. A public officer who sues or is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added.

Fed. R. Civ. P. 17. Evans in the complaint does not allege he meets any of the Rule 17 (a) exceptions. In the complaint, Evans requests declaratory relief and an order compelling SSA to "approve the waiver request and release the full DAC back payment without offsets." (ECF No. 7). As discussed, there is no allegation by Evans that the DAC benefits in question were owed to him; rather, they are owed to his mother. He is not "the real party in interest." See Am. Soc. for Testing & Materials v. Corrpro Companies, Inc., 292 F. Supp. 2d 713, 718 (E.D. Pa. 2003) ("A 'real party in interest' [plaintiff] is one who, by substantive law of the state, has the duty or right sought to

5

be enforced.").

In the instant case, Evans petitions the court to allow him to enter an appearance on behalf of his mother, *pro se*, as her "next friend" (ECF No. 13).[2]

> **Without a Representative.** A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).   Even if the court were to find Barnett is incompetent, Evans would still not be an able to appear *pro se*.   The Third Circuit Court of Appeals has adopted the Second

---

2. The Third Circuit Court of Appeals has stated, "[n]ext-friend standing is proper where the next-friend applicant has a significant relationship with the real party in interest," and is dedicated to that person's interests. Schlemmer v. Cent. Intel. Agency, 804 F. App'x 127, 128 n.1 (3d Cir. 2020).   Evans may be dedicated to his mother's interests, but appears interested in his own interests, i.e. he represented on more than one filing that he is the plaintiff.   To determine if Evans is permitted to represent Barnett as her "next friend" in this action, however, turns on two issues: 1) whether Rochelle Barnett is an incompetent person, and 2) if so, can her son fulfil the role as next friend.

> A court is not required to conduct a *sua sponte* determination whether an unrepresented litigant is incompetent unless there is some verifiable evidence of incompetence.

Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012).

> With regard to the question of whether there is verifiable evidence of incompetence, the *Ferrelli* Court concluded that a district court would likely abuse its discretion if it failed to consider whether Rule 17(c) applied "[i]f a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent."

Id. (quoting Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2d Cir.2003)). According to the Third Circuit Court of Appeals, "anecdotal information or layperson opinions do not constitute verifiable evidence." Mondelli v. Berkeley Heights Nursing & Rehab. Ctr., 1 F.4th 145, 149 (3d Cir. 2021).   Here, Evans implies, without verifiable evidence, that Barnett is incompetent based on her status as a disabled person receiving social security benefits.   This information is not sufficient for the court to conclude that Barnett is incompetent.

Circuit Court of Appeals' holding from Berrios v. New York City Housing Authority, 564 F.3d 130 (2d Cir. 2009), to find that "[a] non-attorney cannot represent another party, even if acting as a next friend." Schlemmer, 804 F. App'x at 128 n.2.

> The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation.

Berrios, 564 F.3d at 134. Evans' motion to enter an appearance as neither an attorney nor a party fails because a next friend representative cannot act *pro se* – an attorney must represent the next friend. Evans' motion to enter an appearance as next friend will be denied because Evans lacks the authority to file the motion because he is not an attorney or a party.

### C. Impact of Plaintiff's Position Relative to the Case at Bar

Because Evans is not a party to this case or an attorney, the court will deny the following motions filed by Evans: (1) a request for leave to enter an appearance (ECF No. 6); and (2) a motion for leave to file a reply, *Nunc Pro Tunc,* to SSA's response in opposition to his motion to enter an appearance. The court will dismiss this case, Civil Action 25-11129, without prejudice to Rochelle Barnett's ability to refile her case in her own right acting *pro se*, or by an attorney, for any purported challenge to SSA action. See Fed. R. Civ. P. 11(a).[3]

---

3. **Rule 11. Signing Pleadings, Motions, and Other Papers;**
**(a) Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper

Evans' emergency motion to compel release of DAC back pay or, in the alternative, an order to show cause (ECF No. 11), and the Notice of Readiness for Hearing (ECF No. 15), to the extent that the court understands this filing to be a request to schedule a hearing, will be denied as moot.

### IV. Conclusion

Having considered the motions in the record and the applicable law, the court will deny Evans' motion for leave to enter an appearance on his mother's behalf (ECF No. 6), or as next friend (ECF No. 13). For the reasons set forth above, the case will be dismissed, without prejudice to Rochelle Barnett's ability to file a case on her own behalf or through an attorney.

An appropriate order will be entered.

Dated: October 14, 2025

BY THE COURT:

   s/Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

---

unless the omission is promptly corrected after being called to the attorney's or party's attention.
Fed. R. Civ. P. 11(a).